IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America | ) | C/R   3:25-606 |
| | ) | |
| vs. | ) | |
| | ) | ORDER ON |
| Nasir Ullah; FNU Naimullah | ) | PROSECUTORIAL OBLIGATION |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Fed. R. Crim. P. 5(f) and the Due Process Protections Act, Public Law No. 116-182, 134 Stat. 894 (2020), the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders it to do so.[1] Counsel is reminded of the possible consequences of violating the *Brady* rule and/or this Order, as set forth in applicable law, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, and/or sanctions by the Court. The Clerk of Court is directed to provide a copy of this Order to the prosecution and defense counsel.

IT IS SO ORDERED.

April 23, 2025  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[1] *See generally Long v. Hooks*, 972 F.3d 442, 456 (4th Cir. 2020) (en banc) ("*Brady v. Maryland* instructs that 'the suppression by the prosecution of evidence favorable to an accused' violates due process where the evidence is 'material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" (quoting *Brady*, 373 U.S. at 87)).